**FILED**

FEB 17 2022

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Alberto AYON-Diaz,<br><br>　　　　　　Defendant. | Case No.: **22CR0266-JLS**<br>**(22MJ8021-RBM)**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on January 13, 2022 to determine whether defendant Alberto AYON-Diaz, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney Rosario Gonzalez appeared on behalf of the United States. Attorney Bacilio Varela of Federal Defenders, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the information provided by the Pretrial Services report, and the criminal complaint issued against the Defendant on January 13, 2022 by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

I

FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

The Defendant is charged in Criminal Complaint No. 22MJ8021-RBM with Transportation of Illegal Aliens, in violation of Title 8 U.S.C., Section 1324(a)(1)(A)(ii). Therefore, probable cause exits to believe the Defendant committed the charged offense.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))</u>:

1. On January 12, 2022 Border Patrol Agent (BPA) J. Grijalva, was performing assigned duties in the El Centro Station's Area of Responsibility (AOR). At approximately 3:00 p.m., BPA Grijalva was notified by the El Centro Station Remote Video Surveillance Systems (RVSS) operator, that a "Be On the Look Out" (BOLO) had been issued for a 1998 gold Ford Expedition bearing California plates for suspicion of alien smuggling and that it was last seen traveling westbound on Highway 98. BPA Grijalva proceeded to travel eastbound on Anza Road in an attempt to locate the vehicle. The RVSS operator informed field agents that two subjects had illegally entered into the United States and were heading north towards Anza Road.

2. At approximately 3:55 p.m., field agents were informed that the two subjects entered the solar panels north of Anza Road and were heading toward Hammers Road. Shortly after, agents were informed that the gold Ford Expedition stopped and picked up the two subjects. RVSS operators observed that the Expedition was heading north toward Highway 98 and BPA Grijalva observed the Expedition turn onto Highway 98 and continue eastbound toward Calexico, California. BPA Grijalva then proceeded to follow the Expedition and verified that the license plate matched the description given. As BPA Grijalva caught up to the Expedition, he saw through the lightly tinted windows two passengers in the back seat moving around. El Centro Sector Dispatch was contacted and requested a records check on the Expedition.

3. At approximately 3:56 p.m., BPA Grijalva turned on the emergency equipment on his vehicle to initiate a vehicle stop and conduct an immigration inspection. The driver,

later identified as Alberto AYON-Diaz, did not stop immediately. He proceeded to continue driving eastbound about 40 miles per hour. AYON then slowed down. BPA Grijalva noticed the two back seat passengers stand up and the back passenger door swung open. The two subjects then jumped out of the Expedition while it was still in motion and tried to abscond. AYON proceeded to travel eastbound on Highway 98 as BPA Grijalva followed the Expedition. BPA Grijalva then noticed that it gained speed to approximately 65 miles per hour. AYON initially passed a vehicle on the right shoulder and continued weaving through traffic. AYON ran several stop signs and stop lights in a residential area in Calexico, California. AYON also sped through two school zones.

4. BPA Grijalva then lost sight of the vehicle and moments later, BPA J. Sandoval, who was assigned to a Department of Defense helicopter, informed BPA Grijalva that the Expedition was parked in a fast-food restaurant parking lot located on Imperial Avenue in Calexico, California. Agents were informed that the driver was wearing a blue shirt and blue jeans. BPAs L. Martinez and E. Vasquez arrived at that location and apprehended AYON. In the meantime, BPA K. Chavez encountered the two subjects that had attempted to abscond near the location where they fled the Expedition. BPA Chavez approached the subjects and identified himself as BPA and questioned the subjects as to their citizenship. The individuals, later identified as Carlos GONZALEZ-Parra and Osvin Sabino HERNANDEZ-Perez, admitted that they were Mexican Citizens, without the proper documentation to be in the United States legally, and that they had entered the United States illegally. AYON and the two Mexican Citizens were placed under arrest and all three individuals were transported to the El Centro Border Patrol Station for processing and further interviews.

5. AYON was advised of his Miranda Rights and indicated he did not want to speak with agents without an attorney present. As AYON walked back to his jail cell, he indicated he wanted to speak with agents without an attorney present. AYON was advised of his Miranda rights a second time. AYON acknowledged his rights and agreed to speak with agents without an attorney present. During the interview, AYON stated that he was a

1 United States Citizen and he crossed the Calexico West Port of Entry on foot at approximately 2:00 p.m. AYON stated that he had been arrested and convicted for alien smuggling prior to today's event. AYON stated he was released from Federal Custody on October 1, 2001, after he served a few months for his alien smuggling conviction. AYON admitted to picking up two males hiding near some haystacks. During questioning, AYON stated he knew they were illegal aliens. AYON claimed he did not know how much he was going to get paid but was going to make more money since he provided the vehicle. AYON also admitted that once on Highway 98, he panicked and told the illegal aliens to get out of the Expedition. AYON admitted that he drove at a high rate of speed and ran several posted stop signs throughout the city of Calexico, California, and at times drove on the shoulder of the highway in an attempt to get away. AYON stated that he knew there were schools in the area. However, this did not deter him from driving recklessly in an attempt to avoid being apprehended.

6. Material witness Carlos GONZALEZ-Parra was provided with a six-pack photographic line-up labeled 1-A and was asked if he recognized anyone in the line-up. GONZALEZ recognized subject #3 from photographic line-up 1-A. GONZALEZ stated that the subject in photo #3 was the driver of the cream-colored vehicle. The subject in photo #3, identifies Alberto AYON- Diaz.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3)):

1. Though the Court acknowledges this is the least important factor, the weight of the evidence is strong against Defendant including the fact that Defendant made admissions at the time of his arrest.

2. Defendant has significant family ties to Mexico.

3. Defendant resides in Mexico.

4. Defendant lacks substantial financial resources and assets in the United States.

5. Defendant has a substance abuse history.

6. The Court also considered the circumstances of Defendant's arrest.

D.  <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4))</u>:

1. The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. However, Defendant has a criminal history including one prior felony conviction for violation of Title 8, U.S.C. 1324 for Alien Smuggling from October 1, 2021 and is currently on Supervised Release for that offense.

II

REASONS FOR DETENTION

A.  There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 22MJ8021-RBM, for Transportation of Illegal Aliens, in violation of Title 8 U.S.C., Section 1324(a)(1)(A)(ii).

B.  Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He, therefore, has a strong motive to flee.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

//
//
//
//
//
//
//
//

1 | While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 2/17/22

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

RANDY S. GROSSMAN
UNITED STATES ATTORNEY

Rosario Gonzalez
Assistant U.S. Attorney

cc:   Bacilio Varela
      Federal Defenders of San Diego, Inc.